IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 7:10-CV-129 |
| PRESTIGE IMPORTS OF THOMASVILLE, INC., d/b/a Prestige Honda of Thomasville, PRESTIGE MOTORCAR GALLERY, INC., d/b/a Prestige Infiniti, and MICHAEL CRAIG HORNSBY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CONSENT ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND, AFTER DUE NOTICE AND HEARING,
FOR PRELIMINARY INJUNCTION**

Plaintiff Nissan Motor Acceptance Corporation ("NMAC") commenced this action with a verified complaint filed November 9, 2010 and also filed the instant motion [Doc. 5] on that date seeking a temporary order and a preliminary injunction.  By consent of the parties, as evidenced by the signatures of their respective counsel herein below, the Court orders as follows:

1.

Defendants hereby acknowledge that each has been duly served with process and no further process shall be necessary or required.  Defendants further acknowledge and consent to the jurisdiction and venue of this Court for all purposes and with respect to all matters raised in NMAC's verified complaint filed November 9, 2010.

2.

Until further order of this Court, Defendants Prestige Honda and Prestige Infiniti shall be restrained and enjoined from selling new and used vehicle inventory subject to NMAC's security

interest, absent strict compliance with their obligations under their respective Dealer Floorplans (as such term is defined in NMAC's verified complaint) including, but not limited to, full and timely payment to NMAC from the proceeds of each such sale.

3.

Defendants shall account for all sales and proceeds they have collected on new and used vehicle inventory sold Out of Trust (as such term is defined in NMAC's verified complaint) since October 1, 2010 within 10 days from the date hereof. For any vehicle inventory that Defendants Prestige Honda and Prestige Infiniti have sold which have not been funded as of the date hereof, such Defendants shall immediately remit payment to NMAC (in certified funds) on their receipt of such funds.

4.

Until further order of this Court, Defendants shall be restrained and enjoined from collecting, transferring, disposing, wasting, and converting sales proceeds or any other Collateral under the Dealer Floorplans, except as may be expressly permitted under the Dealer Floorplans or upon subsequent written consent of NMAC.

5.

Until further order of this Court or upon subsequent written consent of NMAC, Defendants shall transfer to NMAC the possession of all keys, title certificates, and manufacturer statements of origin for the used and new vehicle inventory subject to NMAC's security interest.

6.

Until further order of this Court or upon subsequent written consent of NMAC, Defendants shall promptly remit copies of all potential purchase transactions (e.g., retail installment sales contracts, buyer's orders, deal jackets, etc.) to NMAC on a daily basis until

Defendants Prestige Honda and Prestige Infiniti are no longer in an Out of Trust status under the Dealer Floorplans and all other monetary and non-monetary defaults have been cured. If there is a dispute among the parties as to whether one or both of such Defendants remains in an Out of Trust status or has otherwise cured defaults, the Court shall resolve the dispute upon reasonable notice to all parties and a hearing thereon.

7.

Absent written consent of NMAC filed with the Court, Defendants shall return or cause the return of all demonstrator and Service Loaner vehicles to their respective dealerships and shall deliver possession of all keys to such vehicles to NMAC on or before December 4, 2010.

8.

In addition to their other obligations under the Dealer Floorplans, Defendants shall provide all books and records to NMAC from time to time upon request for the purpose of inspection and copying including, but not limited to, complete monthly and daily bank statements for all accounts utilized by the corporate Defendants, financial statements, and tax records.

9.

Upon receipt of any payment from American Honda Finance Corporation, d/b/a American Honda Finance (or any other source) relating to the vehicle sales listed on **Exhibit A** hereto, Defendant Prestige Honda shall remit such sums to NMAC. For any vehicles listed on **Exhibit A** that have already been funded as of the date hereof, Defendant Prestige Honda shall account for the receipt and disposition of such sales proceeds upon entry of this order.

10.

In addition to their other obligations under the Dealer Floorplans and the other provisions hereof, Defendants Prestige Honda and Prestige Infiniti, where applicable, shall timely make all (other) monthly payments to NMAC as they come due under (a) the Dealer Floorplans, (b) the Dealer Capital Loan and Security Agreement between NMAC and Prestige Honda, dated March 20, 2007 (the "Cap Loan"), and (c) the Sign Program - Lease and Maintenance Agreement between NMAC and Prestige Infiniti, dated November 22, 2006 (the "Sign Lease").

11.

Time is of the essence with respect to the duties and obligations set forth in the preceding paragraphs of this Order, including specifically all payments due NMAC under the Dealer Floorplans, the Cap Loan, and the Sign Lease. Defendants shall be required to strictly comply with all such duties and obligations, and all payments due NMAC shall be made via cashier's check or wire transfer until further order of this Court or except with the express written consent of NMAC.

12.

Provided that Defendants strictly comply with the preceding paragraphs of this Order, Defendants Prestige Honda and Prestige Infiniti shall be permitted to continue operating their respective dealerships from the date of entry of this Order through December 3, 2010 (the "Forbearance Period"). During the Forbearance Period, in addition to their other duties and obligations set forth herein above and in the Dealer Floorplans, Defendants Prestige Honda and Prestige Infiniti shall timely pay all applicable taxes on or assessed against any of the Collateral (as such term is defined in NMAC's verified complaint). Defendants Prestige Honda and

Prestige Infiniti shall also timely pay all vehicle lien trade-in payoffs and otherwise satisfy all other liens on or against the Collateral in the ordinary course of business.

13.

On December 4, 2010, unless the parties mutually agree to extend the Forbearance Period and file a notice with the Court extending the same, a writ of immediate possession shall issue in NMAC's favor with respect to all remaining new and used vehicle inventory listed on Exhibit I of NMAC's verified complaint (collectively, the "Remaining Inventory"). On and after December 4, 2010, Defendants Prestige Honda and Prestige Infiniti shall voluntarily surrender possession of the Remaining Inventory to NMAC at their respective places of business and shall fully cooperate with NMAC in that regard.

14.

The Court is advised that Defendant Prestige Honda is actively pursuing a sale of all or substantially all of its assets. With the intent to allow the potential for a sale to be consummated or NMAC's repossession and disposal of the Remaining Inventory before proceeding further with this action, Defendants' deadline to file an answer or otherwise plead in response to NMAC's verified complaint shall be extended through and including January 14, 2011.

15.

During the pendency of this action, the provisions of this Order shall remain in full force and effect; provided, however, nothing herein shall prevent a party from seeking modification or termination of one or more provisions of his Order upon motion, reasonable notice, and a hearing thereon.

IT IS SO ORDERED this 18th  day of November, 2010.


s/  Hugh Lawson
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


Order consented to by:                    Order consented to by:


/s/ Kevin A. Stine                        /s/ John D. Holt
Kevin A. Stine                            John D. Holt
Georgia Bar No. 682588                    Georgia Bar No. 364323
Email: kstine@bakerdonelson.com           Email: john@jdholtlaw.com

Baker, Donelson, Bearman,                 John D. Holt Attorney at Law PC
Caldwell & Berkowitz, P.C.                P.O. Box 1571
Suite 1600, Monarch Plaza                 Valdosta, GA 31603
3414 Peachtree Road, N.E.                 (229) 244-8660
Atlanta, GA 30326
404/577-6000 Telephone                    Robert C. Byerts, Esq.
404/221-6501 Facsimile                    Bass Sox Mercer
                                          2822 Remington Green Circle
Attorneys for Plaintiff                   Tallahassee, FL 32308
                                          rbyerts@dealerlawyer.com
                                          (850) 878-6404
                                          (850) 942-4869 facsimile
                                          *Pro Hoc Vice* Pending

                                          Attorneys for Defendants