IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **NISSAN MOTOR ACCEPTANCE CORPORATION,**<br><br>  Plaintiff,<br><br>  v.<br><br>**PRESTIGE IMPORTS OF THOMASVILLE, INC., d/b/a Prestige Honda of Thomasville; PRESTIGE MOTORCAR GALLERY, INC., d/b/a Prestige Infiniti, and MICHAEL CRAIG HORNSBY,**<br><br>  Defendants. | Civil Action No. 7:10-cv-129 (HL) |

## ORDER

Before the Court is defense counsel's Motion for Leave to Withdraw (Doc. 48), Motion to Withdraw (Doc. 50) and Amended Motion to Withdraw (Doc. 52). Also before the Court is Plaintiff Nissan Acceptance Corporation's ("NMAC") status report and request for final judgment (Doc. 49). The Motions to Withdraw and NMAC's status report are addressed below.

In the pending Motions to Withdraw, defense counsel requests to withdraw from the case based on irreconcilable differences with their client, including payment and communication. In their Motions, defense counsel demonstrates that they have complied with Local Rule 83.1.4 governing withdrawal and have obtained written consent to withdraw from Defendant Michael Craig Hornsby. The Court sees no reason to hold defense counsel in the case. Therefore, the

Motions to Withdraw are granted and Robert C. Byerts and John Douglas Holt are removed as counsel. Defendants Michael Craig Hornsby, Prestige Imports of Thomasville, Inc. ("Prestige Honda"), and Prestige Motorcar Gallery, Inc. ("Prestige Infiniti") shall continue pro se from this point forward.

The second issue to address in this case is the status report filed by NMAC. (Doc. 49.) This status report was filed at the Court's request after Defendants Prestige Honda and Prestige Infiniti completed their bankruptcy proceedings. The bankruptcy court approved the Plan Trustee's motion for approval of final disbursements on October 4, 2012, and both Prestige Honda and Prestige Infiniti were ordered to pay $0 to NMAC. Based on the proceedings in bankruptcy court, NMAC now requests entry of final judgment in its favor for a set amount of damages that it claims was established during summary judgment proceedings. In the alternative, NMAC requests entry of an order re-setting dispositive motion deadlines on the issue of damages. The Court finds the appropriate action is to re-set the deadlines for dispositive motions. The deadline for dispositive motions addressing damages will be December 10, 2012. Response briefs will be due December 28, 2012 and reply briefs will be due January 14, 2013.

**SO ORDERED,** this 19th day of November, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr